On'Application for a Rehearing.
Breaux, J.
The property involved in this controversy was bought by plaintiffs at tax sale under the provisions of Art. 82 of 1884.
They sued out a writ of seizure and possession.
In their petition for the writ, and to be placed in possession, the property was described as a certain lot of ground in the Second District of New Orleans, in the square bounded by Canal, Customhouse, Dorgenois and Rocheblave streets, designated as lot No. 26 or 7 and 8, in square 331. Said lot No. 26 or 7 and 8 measures 68 feet front on Canal street by a depth of 114 feet, formerly owned by the estate and heirs of Mrs. E. J. Lawless.
It was bought on 6th May, 1890, for the State taxes of 1878.
The deed of sale contained a recital that the property was assessed n the name of B. J. Lawless, but owned by the estate of Mrs. E. J. Lawless.
It was adjudicated for $5 to plaintiffs.
The advertisement under which the property was sold contains substantially the same description as that in plaintiffs’ petition to be placed in possession.
Mr. Lawless never was the owner of lots designated as 26 or 7 or 8 in the square mentioned.
The street on which it fronts and the correct number were not given; the property was not identified.
The law under which the property was sold can not have the effect of dispensing with all the requirements or forms in matter of tax sales. (■
*1377 Confusing advertisements and misleading descriptions of the property are not cured by the operation of the act.
Something must appear of record toward establishing an accurate and pertinent description of the property embraced in the list in order to sustain the validity of the tax deed.
There are requisites to a valid sale of property by a tax collector which can not be supplied by subsequent legislation.
As an additional ground in support of their deed it is argued by plaintiffs that the defendants are estopped; that they have acquiesced in the description of the property on the assessment roll, and are therefore not in a position to contest plaintiffs’ title.
It is a settled principle of the tax laws that minor irregularities may be cured by the party in interest.
This does not embrace a power on the part of a tutor to cure irregularities of moment in the enforcement of tax laws, nor will it enable the tutor by his payments of taxes to estop his wards when the irregularity is of such a character as to affect the power of the officer to sell.
Moreover, it is not shown that subsequent to the assessment of 1878 the tutor paid taxes on property as described in plaintiffs’ tax deed.
Rehearing refused.